COUNTY OF TUOLUMNE; Eric Runte, Plaintiffs–Appellants,

v.

SONORA COMMUNITY HOSPITAL; Donovan Teel; Hillside Obstetrics and Gynecology; Medical Group, Inc.; Louis Erich; Sonora Medical Group, Inc., Defendants–Appellees.

No. 98–17424.

D.C. No. CV–96–5380 REC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2000.

Decided Jan. 5, 2001.

Before SCHROEDER, Chief Judge,
NOONAN and TASHIMA, Circuit Judges.

MEMORANDUM *

Plaintiff Dr. Eric Runte appeals from the district court's grant of summary judgment on his defamation claims in favor of defendant Dr. Donovan Teel. We affirm.[1]

■ Whether a statement is reasonably susceptible of a defamatory interpretation is a question of law. *See Smith v. Maldonado*, 72 Cal.App.4th 637, 85 Cal. Rptr.2d 397, 403 (Ct.App.1999) ("Only once the court has determined that a statement is reasonably susceptible to such a defamatory interpretation does it become a question for the trier of fact whether or not it was so understood."). Because California law does not impose liability for opinion, a charge of defamation must rest on a false factual assertion. *See Campanelli v. Regents*, 44 Cal.App.4th 572, 51 Cal.Rptr.2d 891, 894–95 (Ct.App.1996).

■ We conclude as a matter of law that the various statements that Dr. Runte alleges are defamatory are merely opinions; thus, they are not susceptible to defamatory interpretation.[2] People's feelings, beliefs, and concerns about Dr. Runte's competence are non-actionable opinion. *See id.* at 895 (holding that statements phrased as feeling are protected opinion). As a matter of law, there is no "reasonable interpretation [of] the language [of any of the statements in issue that] is susceptible [to] a defamatory meaning." *Selleck v. Globe Int'l, Inc.*, 166 Cal.App.3d 1123, 212 Cal.Rptr. 838, 843 (Ct.App.1985).

The district court's grant of summary judgment in favor of Dr. Teel on Dr. Runte's defamation claims is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In a concurrently filed opinion we dispose of the remainder of the appeal, relating to plaintiffs' antitrust claims. In that opinion, we establish our appellate jurisdiction and set forth the applicable standards of review, including on summary judgment. The parties are familiar with any additional facts pertinent to the defamation claims and we do not recite them here.

2. Although the district court concluded that some of the statements were privileged communications under Cal. Civ.Code § 43.8, we "may affirm a summary judgment on any ground supported by the record, even if not relied upon by the district court." *Rhoden v. United States*, 55 F.3d 428, 431 n. 3 (9th Cir.1995).